# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

TERESA GAFFNEY                                Case No.: 8-22-bk-00690-MGW
                                                              Chapter 13

Debtor.

_____/

## OBJECTION TO MOTION TO APPEAR PRO HAC VICE

       COMES NOW Creditor, PHILLIP A. BAUMANN, as Administrator Ad Litem of the Estate of John J. Gaffney, deceased, by and through his undersigned counsel, and objects to James J. Macchitelli's Motion for Admission of James J. Macchitelli to Appear Pro Hac Vice [Doc. 92], as follows:

1. Debtor previously filed *Debtor's Application to Employ Professional* [Doc. 13] in which she sought to retain attorney James J. Macchitelli on a contingency basis to handle three state court matters.
2. At the time of filing *Debtor's Application to Employ Professional* [Doc. 13], Debtor had already retained James J. Macchitelli to represent her in the matter styled The Florida Bar v. Teresa Gaffney, SC21-938, without any permission from this Court.
3. James J. Macchitelli is currently counsel of record in the case styled Teresa Gaffney, et al., v. Ronald Ficarotta, et al. Case 8:21-cv-21, pending in the Middle District of Florida.
4. James J. Macchitelli has sought to appear pro hac vice in the case styled Teresa Gaffney v. Joshua Doyle, Executive Director of the Florida Bar, et al., Case No. 8:22-cv-1613, pending in the Middle District of Florida. Although the motion to appear pro hac vice in that case was denied, without prejudice, Mr. Macchitelli continues to file documents in that matter.
5. In the instant bankruptcy, Mr. Macchitelli has committed the unlicensed practice of law in this Court through the filing of the following documents without ever having requested pro hac vice admission:
    a. Second Motion for Protective Order [Doc. 55];
    b. Notice of Hearing on Second Motion for Protective Order [Doc. 58];
    c. Objection to Claims(s), Claim No. 2 of IRS [Doc. 88];
    d. Objection to Claim(s), Claim No. 4 for Phillip A. Baumann [Doc. 89];
    e. Objection to Claim(s), Claim No. 5 of Brannock Humphries & Berman [Doc. 90]; and

    f.  Objection to Claim(s), Claim No. 6 of Sheldon D. McMullen, PA [Doc. 91].

6. Local Rule 2090-1(c)(1) provides as follows:

> Attorneys Not Admitted to Practice in the Middle District. An attorney who is a member in good standing of the bar of a District Court of the United States other than the Middle District of Florida (a "Non-Resident Attorney") may appear pro hac vice upon motion to the Court provided that such privilege is not abused by frequent or regular appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in the Middle District of Florida. Motions to appear pro hac vice shall include the state(s) where the attorney is admitted to practice and associated bar number(s), and be accompanied by a written designation of an attorney admitted to practice in the Middle District and that attorney's consent to act as local counsel. A form motion to appear pro hac vice, a form written designation, and a form order granting the motion are available on the Court's website, [www.flmb.uscourts.gov](www.flmb.uscourts.gov).

7. As shown above, Mr. Macchitelli is abusing the privilege by his frequent and regular appearances in separate cases to such a degree to constitute the regular practice of law in in the Middle District of Florida.
8. As shown above, Mr. Macchitelli has participated in the unlicensed practice of law before this Court.  This demonstrates Mr. Macchitelli's lack of professional character and his propensity to act contrary to the Rules governing this Court.
9. Mr. Macchitelli's prior flaunting of the Rules governing this Court should not be rewarded by granting him the right to specially appear in this matter pursuant to Local Rule 2090-1.

WHEREFORE Creditor, PHILLIP A. BAUMANN, as Administrator Ad Litem of the Estate of John J. Gaffney, deceased, respectfully requests that this Honorable Court deny the Motion [Doc.92].

Dated this 14th day of September, 2022.

                                                Respectfully submitted,
                                                BaumannKangas Estate Law

                                                */s/Michael R. Kangas*
                                                Michael R. Kangas
                                                Florida Bar No. 54492
                                                201 East Kennedy Boulevard, Suite 830

P.O. Box 399
Tampa, Florida 33601-0399
(813) 223-2202
Attorney for the Administrator Ad Litem
of the Estate of John J. Gaffney
Email: mrk@estatelawflorida.com
Secondary:
admin@estatelawflorida.com
jek@estatelawflorida.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF system or U.S. Mail to:

**Office of the US Trustee**, Timberlake Annex, 501 E. Polk Street, Suite 1200, Tampa, Florida, 33602;

**Chapter 13 Trustee, Kelly Remick,** P.O. Box 89948, Tampa, Florida, 33689;

**Attorney for Debtor, Ziona Kopelovich**, 5422 Trouble Creek Road, New Port Richey, Florida 34652;

**Keith Labell,** Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, Florida 33487;

**Teresa Gaffney**, P.O. Box 18112, Tampa, Florida 33679.

on this 14th day of September, 2022.

>  /s/Michael R. Kangas
>  Michael R. Kangas
>  Florida Bar No. 54492